

ase.net

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess **Logoff GBALLEW4450**

**20BU-CV00342 - JIMMY BRIDEN ET AL V TRIUMPH FOODS, LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries ▼

---

**02/07/2020** ☐ **Notice of Service**
SCANNED UNDER RETURN ON 02-05-20
**Filed By:** JOSHUA PAUL WUNDERLICH
**On Behalf Of:** JIMMY BRIDEN, RICHELLA BRIDEN

**02/05/2020** ☐ **Corporation Served**
Document ID - 20-SMCC-60; Served To - TRIUMPH FOODS, LLC; Server - ; Served Date - 05-FEB-20; Served Time - 10:06:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO KEVIN WEDEFING, REG AGT

**01/29/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-60, for TRIUMPH FOODS, LLC. - SUMMONS ISSUED

☐ **Order - Special Process Server**
ORDER APPOINTING PROCESS SERVER SIGNED BY DEPUTY CLERK

☐ **Trial Setting Scheduled**
**Scheduled For:** 04/27/2020; 9:00 AM ; KATE H SCHAEFER; Buchanan

**01/28/2020** ☐ **Judge/Clerk - Note**
DIVISION CARD CASE SET UP

☐ **Judge Assigned**

☐ **Filing Info Sheet eFiling**
**Filed By:** JOSHUA PAUL WUNDERLICH

☐ **Motion Special Process Server**
Motion for Approval and Appointment of Private Process Server. - D&B LEGAL SERVICES, INC.
**Filed By:** JOSHUA PAUL WUNDERLICH
**On Behalf Of:** JIMMY BRIDEN, RICHELLA BRIDEN

☐ **Pet Filed in Circuit Ct**
PETITION FOR DAMAGES; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4.
**Filed By:** JOSHUA PAUL WUNDERLICH

---

Exhibit A

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**

|  |  |  |
|---|---|---|
| **JIMMY BRIDEN,** c/o Cornerstone Law Firm 8350 N. St. Clair Ave., Ste. 225 Kansas City, MO 64151 | ) ) ) ) ) | |
| and | ) ) | |
| **RICHELLA BRIDEN,** c/o Cornerstone Law Firm 8350 N. St. Clair Ave., Ste. 225 Kansas City, MO 64151 | ) ) ) ) | Case No.: _____ Division: _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| **TRIUMPH FOODS, LLC,** *Registered Agent:* Wedeking, Kevin L. 5302 Stockyards Expressway St. Joseph, MO 64504 | ) ) ) ) ) ) ) | **REQUEST FOR JURY TRIAL** |
| Defendant. | ) ) | |

**PETITION FOR DAMAGES**

COME NOW Plaintiffs Jimmy and Richella Briden, by and through their attorney, and for their causes of action against Defendant Triumph Foods, LLC, allege as follows:

**Parties and Jurisdiction**

1. This is an employment case arising under the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010 *et seq.* ("MHRA") and the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

2. Plaintiffs Jimmy Briden and Richella Briden (hereinafter collectively "Plaintiffs") are both citizens of the United States currently domiciled in Harrisonville, Missouri.

3. Defendant Triumph Foods, LLC (hereinafter "Triumph") is and was at all relevant times a Missouri limited liability company with its principal place of business at 5302 Stockyards Expy., St. Joseph, Buchanan County, MO 64504.

4. Upon information and belief, Plaintiffs allege that one or more of Triumph's LLC members is a citizen of Missouri.

5. At all relevant times, Triumph was authorized to do business in the state of Missouri.

6. At all relevant times, Triumph employed six (6) or more people in the state of Missouri.

7. At all relevant times, Triumph employed fifty (50) or more employees in a seventy-five (75) mile radius of Plaintiffs' place of work.

8. Triumph is an employer within the meaning of the MHRA.

9. Triumph is an employer within the meaning of the FMLA.

10. Triumph conducts substantial and continuous business in the State of Missouri.

11. This court has jurisdiction over the parties and subject matter of this action.

12. Venue is proper in Buchanan County, Missouri, pursuant to MO. REV. STAT. § 213.111 because a substantial portion of the alleged discriminatory conduct occurred in Buchanan County, Missouri.

## Administrative Procedures

13. On or about May 17, 2019, Plaintiff Richella Briden timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Triumph alleging discrimination based on disability and retaliation (attached as Exhibit 1 and incorporated herein by reference).

14. On or about May 17, 2019, Plaintiff Jimmy Briden timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Triumph alleging discrimination based on disability (attached as Exhibit 2 and incorporated herein by reference).

15. On November 14, 2019, the MCHR issued to Plaintiffs Notices of Right to Sue (attached as Exhibits 3 and 4 and incorporated herein by reference).

16. The aforesaid Charges of Discrimination provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a MCHR or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

17. This lawsuit is filed within ninety (90) days of the issuance of the MCHR's Notices of Right to Sue.

18. Plaintiffs have satisfied all private, administrative, and judicial prerequisites to the institution of this action.

19. This action is filed within the applicable statutes of limitations.

## Additional Factual Allegations

20. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

21. Plaintiff Jimmy Briden began working for Triumph around June 2014.

22. Plaintiff Jimmy Briden was employed at Triumph first as a mechanic, then as a lead mechanic, and then ultimately as a maintenance supervisor.

23. Plaintiff Richella Briden began working for Triumph as a Food Safety and Quality Assurance ("FSQA") technician in approximately October 2017.

24. Plaintiffs were generally known by Triumph's management to be a married couple.

25. On or around August 28, 2018, Plaintiff Richella Briden experienced stroke-like symptoms while at work.

26. Plaintiff Richella Briden's symptoms at work on or around August 28, 2018, included loss of consciousness.

27. A member of Triumph's plant health services department first measured Plaintiff Richella Briden's vitals at approximately 6:23 a.m. after she exhibited her stroke-like symptoms at work.

28. Plaintiff Jimmy Briden was first notified of Plaintiff Richella Briden's stroke-like symptoms at approximately 7:00 a.m. when he was pulled out of a safety meeting.

29. At the time Plaintiff Jimmy Briden was first notified of Plaintiff Richella Briden's stroke-like symptoms, nobody from Triumph had placed a call for emergency medical services.

30. Rather than wait for an ambulance to arrive, Plaintiff Jimmy Briden opted to drive Plaintiff Richella Briden to the hospital himself, contacting emergency medical services en route.

31. While en route to the hospital, Plaintiff Jimmy Briden had to pull over to the side of the road to perform CPR on Plaintiff Richella Briden while waiting for emergency medical services to meet them, as Plaintiff Richella Briden had stopped breathing.

32. It was determined that Plaintiff Richella Briden's stroke-like symptoms were caused by a conversion disorder, a functional neurological disorder characterized by severe anxiety and extreme physical manifestations thereof.

33. Prior to Plaintiff Richella Briden's stroke-like symptoms resulting from her conversion disorder on or around August 28, 2018, regularly worked ten (10) hours per day, six days per week.

34. After Plaintiff Richella Briden's stroke-like symptoms resulting from her conversion disorder on or around August 28, 2018, her doctor held her off work for ten (10) days, then returned her to work on a restricted schedule of five (5) days per week, five (5) hours per day.

35. Plaintiff indicated to Triumph that she desired to work as many hours as her doctor would allow.

36. Despite the assessment by Plaintiff Richella Briden's doctor that she was able to work five (5) days per week, five (5) hours per day, and despite Plaintiff's wishes, Triumph's safety counsel unilaterally determined that it would be unsafe for her to work more than two (2) hours per day.

37. In September 2018, Plaintiff Richella Briden again suffered from an episode in which the symptoms of her conversion disorder necessitated medical treatment.

38. After the episode in September 2018, Plaintiff Richella Briden's doctor conformed her restrictions to the work schedule that Triumph was providing her.

39. Additionally, Plaintiff Richella Briden's doctor authorized her to return to full duty on December 18, 2018.

40. Plaintiff Richella Briden's doctor also indicated that Plaintiff would need occasional days off work to deal with symptoms of her conversion disorder, even after she returned to full duty.

41. Plaintiff worked the two (2) hour per day schedule imposed by Triumph, using occasional days off as instructed by her doctor, until December 18, 2018, when she returned to full duty.

42. On October 23, 2018, Plaintiff Richella Briden sent a text message to her supervisor ("N.D.") using one of the occasional days off as instructed by her doctor to deal with symptoms of her conversion disorder.

43. Immediately after receiving Plaintiff Richella Briden's text message using one of the occasional days off as instructed by her doctor to deal with symptoms of her conversion disorder, N.D. sent a text message back, seemingly intended for another recipient, stating, "From Richella Mark I am done with her there's gotta be A [sic] loop hole."

44. Plaintiff Richella Briden provided the aforementioned text message from N.D. to a representative in Triumph's human resources department ("B.W.").

45. N.D. was not disciplined for sending the aforementioned text message.

46. After Plaintiff Richella Briden provided the aforementioned text message from N.D. to Triumph's human resources department, she also requested to be transferred to another shift away from N.D.

47. There were positions on other shifts that were available for Plaintiff Richella Briden to move into.

48. Triumph denied Plaintiff Richella Briden's request to transfer to another shift away from N.D.

49. Triumph's denial of Plaintiff Richella Briden's request to transfer to another shift away from N.D. exacerbated Plaintiff's conversion disorder symptoms.

50. Plaintiff Richella Briden continued to work her original schedule from December 18, 2018, using occasional days off as instructed by her doctor, until approximately January 9, 2019.

51. On or around January 9, 2019, Plaintiff Richella Briden suffered symptoms of her conversion disorder that required medical attention.

52. At that time, Plaintiff Richella Briden's doctor held her off work for a period of time again.

53. Between January 9, 2019, and February 12, 2019, Plaintiff Richella Briden sent emails to Triumph attempting to use FMLA intermittent leave.

54. Between January 9, 2019, and February 12, 2019, Plaintiff Jimmy Briden also took substantial time off work to take care of Plaintiff Richella Briden, often under the instruction of her doctor.

55. Ultimately, Plaintiff Richella Briden's doctor held her off work for a period of time with an anticipated return to work date of February 12, 2019, again with the need to take occasional days off to deal with symptoms of her conversion disorder.

56. On February 12, 2019, Plaintiff Richella Briden attempted to use one of the occasional days off as instructed by her doctor to deal with symptoms of her conversion disorder by sending an email to B.W.

57. B.W. responded to Plaintiff Richella Briden's email stating that Plaintiff was not eligible for protection under the FMLA because she had exhausted all of her leave, and that if she did not attend work on that day, it would be counted as an unexcused absence.

58. Based on prior communications with representatives for Triumph, Plaintiff Richella Briden reasonably understood that if she was charged with an unexcused absence, her employment would be terminated.

59. Because Plaintiff Richella Briden could not attend work on February 12, 2019, as a result of the symptoms of her conversion disorder, she reasonably believed that her employment was terminated on February 12, 2019.

60. Over the course of the next several days, Plaintiff Richella Briden and B.W. exchanged emails regarding a meeting to discuss her work status.

61. In this email exchange, Plaintiff Richella Briden indicated to B.W. that she did not feel comfortable attending a meeting without first speaking to legal counsel.

62. In this email exchange, Plaintiff Richella Briden also indicated to B.W. that she and Plaintiff Jimmy Briden were packing.

63. Plaintiff Richella Briden indicated that they were packing because immediately upon learning that she would be charged with an unexcused absence that she reasonably believed had resulted in the termination of her employment, she and Plaintiff Jimmy Briden had immediately began preparations to move away from St. Joseph, Missouri.

64. Before the end of February 2018, Plaintiffs Jimmy and Richella Briden moved to Harrisonville, Missouri.

## COUNT I
### Violation under MO. REV. STAT. §§ 213.010 *et seq.*
### Disability Discrimination
### (Brought on Behalf of Plaintiff Richella Briden)

65. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

66. At all times relevant, Plaintiff Richella Briden was a member of a protected class pursuant to the MHRA because she had an impairment that substantially limited one or more of her major life activities, had a record of such impairment, and/or was regarded by Triumph as having an impairment, to wit conversion disorder.

67. At all times relevant, Plaintiff Richella Briden's conversion disorder substantially limited one or more of her daily life activities, including her ability to care for herself, perform manual tasks, concentrate, think, communicate, and work.

68. At all times relevant, Plaintiff Richella Briden could perform the essential functions of her job with or without reasonable accommodation.

69. In limiting Plaintiff Richella Briden's work hours beyond what was recommended by her doctor, Triumph subjected Plaintiff Richella Briden to an adverse employment action.

70. In denying Plaintiff Richella Briden's request to change shifts, Triumph subjected Plaintiff Richella Briden to an adverse employment action.

71. In terminating Plaintiff Richella Briden's employment, Triumph subjected Plaintiff Richella Briden to an adverse employment action.

72. Plaintiff Richella Briden's disability was a motivating factor in Triumph's decision to limiting her work hours beyond what was recommended by her doctor.

73. Plaintiff Richella Briden's disability was a motivating factor in Triumph's decision to deny her request to change shifts.

74. Plaintiff Richella Briden's disability was a motivating factor in Triumph's decision to terminate her employment.

75. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Triumph, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Triumph, thus making Triumph liable for said actions under the doctrine *respondeat superior*.

76. Triumph failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

77. Triumph failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

78. As shown by the foregoing, as a result of her disability, Plaintiff Richella Briden suffered intentional unlawful discrimination at the hands of Triumph.

79. As a direct and proximate result of Triumph's actions and/or omissions, Plaintiff Richella Briden has been deprived of income as well as other monetary and non-monetary benefits.

80. As a further direct and proximate result of Triumph's actions and/or omissions, Plaintiff Richella Briden suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

81. By failing to take prompt and effective remedial action, Triumph in effect condoned, ratified, and/or authorized discrimination against Plaintiff Richella Briden.

82. Triumph's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff Richella Briden, thus justifying an award of punitive damages in an amount sufficient to punish Triumph or to deter Triumph and other employers from like conduct in the future.

83. Pursuant to the provisions of the MHRA, Plaintiff Richella Briden is entitled to recover reasonable attorneys' fees from Triumph.

WHEREFORE, Plaintiff Richella Briden requests that the Court enter judgment in her favor and against Triumph for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive

damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT II
**Violation under MO. REV. STAT. §§ 213.010 *et seq.***
**Disability Discrimination (Failure to Accommodate)**
**(Brought on Behalf of Plaintiff Richella Briden)**

84. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

85. At all times relevant, Plaintiff Richella Briden was a member of a protected class pursuant to the MHRA because she had an impairment that substantially limited one or more of her major life activities, had a record of such impairment, and/or was regarded by Triumph as having an impairment, to wit conversion disorder.

86. At all times relevant, Plaintiff Richella Briden's conversion disorder substantially limited one or more of her daily life activities, including her ability to care for herself, perform manual tasks, concentrate, think, communicate, and work.

87. At all times relevant, Plaintiff Richella Briden could perform the essential functions of her job with or without reasonable accommodation.

88. By asking for limited time off to deal with symptoms of her conversion disorder, Plaintiff Richella Briden made a request for a reasonable accommodation for her disability.

89. By asking for moderately reduced work schedule as recommended by her doctor, Plaintiff Richella Briden made a request for a reasonable accommodation for her disability.

90. By asking for a change of shift, Plaintiff Richella Briden made a request for a reasonable accommodation for her disability.

91. Allowing Plaintiff Richella Briden to take limited time off to deal with symptoms of her conversion disorder would not have been an undue burden on Triumph.

92. Providing Plaintiff Richella Briden with a moderately reduced work schedule as recommended by her doctor would not have been an undue burden on Triumph.

93. Allowing Plaintiff Richella Briden to change shifts would not have been an undue burden on Triumph.

94. Triumph failed to provide reasonable accommodation to Plaintiff Richella Briden for her disabilities.

95. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Triumph, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Triumph, thus making Triumph liable for said actions under the doctrine *respondeat superior*.

96. Triumph failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

97. Triumph failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

98. As shown by the foregoing, as a result of her disability, Plaintiff Richella Briden suffered intentional unlawful discrimination at the hands of Triumph.

99. As a direct and proximate result of Triumph's actions and/or omissions, Plaintiff Richella Briden has been deprived of income as well as other monetary and non-monetary benefits.

100.    As a further direct and proximate result of Triumph's actions and/or omissions, Plaintiff Richella Briden suffered humiliation, mental anguish, pain, and a loss of self-

esteem in the form of garden variety emotional distress damages and related compensatory damages.

101.     By failing to take prompt and effective remedial action, Triumph in effect condoned, ratified, and/or authorized discrimination against Plaintiff Richella Briden.

102.     Triumph's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff Richella Briden, thus justifying an award of punitive damages in an amount sufficient to punish Triumph or to deter Triumph and other employers from like conduct in the future.

103.     Pursuant to the provisions of the MHRA, Plaintiff Richella Briden is entitled to recover reasonable attorneys' fees from Triumph

WHEREFORE, Plaintiff Richella Briden requests that the Court enter judgment in her favor and against Triumph for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation under Mo. Rev. Stat. § 287.780
### Disability Discrimination (Retaliation)
### (Brought on Behalf of Plaintiff Richella Briden)

104.     Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

105.	At all times relevant, Plaintiff Richella Briden was a member of a protected class pursuant to the MHRA because she had an impairment that substantially limited one or more of her major life activities, had a record of such impairment, and/or was regarded by Triumph as having an impairment, to wit conversion disorder.

106.	At all times relevant, Plaintiff Richella Briden's conversion disorder substantially limited one or more of her daily life activities, including her ability to care for herself, perform manual tasks, concentrate, think, communicate, and work.

107.	At all times relevant, Plaintiff Richella Briden could perform the essential functions of her job with or without reasonable accommodation.

108.	By asking for limited time off to deal with symptoms of her conversion disorder, Plaintiff Richella Briden made a request for a reasonable accommodation for her disability.

109.	By asking for moderately reduced work schedule as recommended by her doctor, Plaintiff Richella Briden made a request for a reasonable accommodation for her disability.

110.	By asking for a change of shift, Plaintiff Richella Briden made a request for a reasonable accommodation for her disability.

111.	In requesting reasonable accommodation(s) for her disability, Plaintiff Richella Briden engaged in one or more protected activities under the MHRA.

112.	In terminating Plaintiff Richella Briden's employment, Triumph retaliated against Plaintiff.

113.	Plaintiff Richella Briden's requests for reasonable accommodation(s) were a motivating factor in Triumph's decision to terminate her employment.

114.	At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Triumph, and were at all such times acting within

the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Triumph, thus making Triumph liable for said actions under the doctrine *respondeat superior*.

115.   Triumph failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

116.   Triumph failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

117.   As shown by the foregoing, as a result of her protected activities, Plaintiff Richella Briden suffered intentional unlawful discrimination at the hands of Triumph.

118.   As a direct and proximate result of Triumph's actions and/or omissions, Plaintiff Richella Briden has been deprived of income as well as other monetary and non-monetary benefits.

119.   As a further direct and proximate result of Triumph's actions and/or omissions, Plaintiff Richella Briden suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

120.   By failing to take prompt and effective remedial action, Triumph in effect condoned, ratified, and/or authorized discrimination against Plaintiff Richella Briden.

121.   Triumph's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff Richella Briden, thus justifying an award of punitive damages in an amount sufficient to punish Triumph or to deter Triumph and other employers from like conduct in the future.

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

122.    Pursuant to the provisions of the MHRA, Plaintiff Richella Briden is entitled to recover reasonable attorneys' fees from Triumph.

WHEREFORE, Plaintiff Richella Briden requests that the Court enter judgment in her favor and against Triumph for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Violation under 29 U.S.C. § 2615(a)(1)
### FMLA Interference
### (Brought on Behalf of Plaintiff Richella Briden)

123.    Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

124.    Beginning in October 2018, Plaintiff Richella Briden was an eligible employee pursuant to the FMLA.

125.    At all relevant times, Plaintiff Richella Briden suffered from one or more serious medical condition(s) pursuant to the FMLA.

126.    By inaccurately calculating Plaintiff Richella Briden's FMLA leave, Triumph interfered with her right to take FMLA leave.

127.    By telling Plaintiff Richella Briden that she had exhausted her FMLA leave in February 2019, Triumph interfered with her right to take FMLA leave.

128.    By terminating Plaintiff Richella Briden's employment, Triumph interfered with Plaintiff's right to take FMLA leave.

129.     A causal connection exists between the aforementioned adverse actions and Plaintiff Richella Briden's exercise of her FMLA rights.

130.     At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Triumph, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Triumph, thus making Triumph liable for said actions under the doctrine *respondeat superior*.

131.     Triumph failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

132.     Triumph failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the FMLA.

133.     As shown by the foregoing, Triumph engaged in a willful violation of the FMLA, and its actions were not in good faith.

134.     As a direct and proximate result of Triumph's actions and/or omissions, Plaintiff Richella Briden has been deprived of income as well as other monetary and non-monetary benefits.

135.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff Richella Briden is entitled to recover liquidated damages from Triumph.

136.     Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff Richella Briden is entitled to recover reasonable attorneys' fees from Triumph.

WHEREFORE, Plaintiff Richella Briden requests that the Court enter judgment in her favor and against Triumph for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT V
#### Violation under 29 U.S.C. § 2615(a)(2)
#### FMLA Retaliation
#### (Brought on Behalf of Plaintiff Richella Briden)

137. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

138. Beginning in October 2018, Plaintiff Richella Briden was an eligible employee pursuant to the FMLA.

139. At all relevant times, Plaintiff Richella Briden suffered from one or more serious medical condition(s) pursuant to the FMLA.

140. Plaintiff Richella Briden engaged in a protected activity pursuant to the FMLA by reporting her serious medical condition(s) to Triumph.

141. Plaintiff Richella Briden engaged in a protected activity pursuant to the FMLA by requesting time off for her serious medical condition(s).

142. Plaintiff Richella Briden's exercise of her FMLA rights was a motivating or determining factor in Triumph's decision to terminate her employment.

143. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Triumph, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Triumph, thus making Triumph liable for said actions under the doctrine *respondeat superior*.

144.     Triumph failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

145.     Triumph failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the FMLA.

146.     As shown by the foregoing, Triumph engaged in a willful violation of the FMLA, and its actions were not in good faith.

147.     As a direct and proximate result of Triumph's actions and/or omissions, Plaintiff Richella Briden has been deprived of income as well as other monetary and non-monetary benefits.

148.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff Richella Briden is entitled to recover liquidated damages from Triumph.

149.     Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff Richella Briden is entitled to recover reasonable attorneys' fees from Triumph.

WHEREFORE, Plaintiff Richella Briden requests that the Court enter judgment in her favor and against Triumph for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT VI
**Violation of MO. REV. STAT. §§ 213.010 *et seq.***
**Associational Disability Discrimination (Constructive Discharge)**
**(Brought on Behalf of Plaintiff Jimmy Briden)**

150.     Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

151.    At all times relevant, Plaintiff Richella Briden was a member of a protected class pursuant to the MHRA because she had an impairment that substantially limited one or more of her major life activities, had a record of such impairment, and/or was regarded by Triumph as having an impairment, to wit conversion disorder.

152.    At all times relevant, Plaintiff Richella Briden's conversion disorder substantially limited one or more of her daily life activities, including her ability to care for herself, perform manual tasks, concentrate, think, communicate, and work.

153.    At all times relevant, Plaintiff Richella Briden could perform the essential functions of her job with or without reasonable accommodation.

154.    Plaintiff Jimmy Briden is closely associated with Plaintiff Richella Briden as her husband.

155.    Through his close association with Plaintiff Richella Briden, Plaintiff Jimmy Briden is a member of a class of persons protected by the MHRA.

156.    Plaintiff Jimmy Briden was known by Triumph to have a close association with a member of a protected class based on their disability, to wit Plaintiff Richella Briden.

157.    In limiting Plaintiff Richella Briden's work hours beyond what was recommended by her doctor, Triumph subjected Plaintiff Jimmy Briden to intolerable working conditions.

158.    In denying Plaintiff Richella Briden's request to change shifts, Triumph subjected Plaintiff Jimmy Briden to intolerable working conditions.

159.    In terminating Plaintiff Richella Briden's employment, Triumph subjected Plaintiff Jimmy Briden to intolerable working conditions.

160.    A reasonable person in Plaintiff Jimmy Briden's situation would have deemed resignation the only reasonable alternative to employment.

161.     Plaintiff Jimmy Briden's decision to terminate his employment was a reasonably foreseeable consequence of Triumph's conduct.

162.     Triumph acted with the intent of forcing Plaintiff Jimmy Briden to quit his job.

163.     Plaintiff Jimmy Briden's close association with Plaintiff Richella Briden was a motivating factor for Triumph's actions.

164.     At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Triumph, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Triumph, thus making Triumph liable for said actions under the doctrine *respondeat superior*.

165.     Triumph failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

166.     Triumph failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

167.     As shown by the foregoing, as a result of his close association with a person with a disability, Plaintiff Jimmy Briden suffered intentional unlawful discrimination at the hands of Triumph.

168.     As a direct and proximate result of Triumph's actions and/or omissions, Plaintiff Jimmy Briden has been deprived of income as well as other monetary and non-monetary benefits.

169.     As a further direct and proximate result of Triumph's actions and/or omissions, Plaintiff Jimmy Briden suffered humiliation, mental anguish, pain, and a loss of self-esteem

in the form of garden variety emotional distress damages and related compensatory damages.

170.     By failing to take prompt and effective remedial action, Triumph in effect condoned, ratified, and/or authorized discrimination against Plaintiff Jimmy Briden.

171.     Triumph's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff Jimmy Briden, thus justifying an award of punitive damages in an amount sufficient to punish Triumph or to deter Triumph and other employers from like conduct in the future.

172.     Pursuant to the provisions of the MHRA, Plaintiff Jimmy Briden is entitled to recover reasonable attorneys' fees from Triumph.

WHEREFORE, Plaintiff Jimmy Briden requests that the Court enter judgment in his favor and against Triumph for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## **Demand for Jury Trial**

Plaintiffs request a trial by jury in the Circuit Court of Buchanan County, Missouri, on all counts and allegations of wrongful conduct alleged in this Petition.

*(Signature on following page)*

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: _____
Joshua P. Wunderlich  MO BAR 64254
j.wunderlich@cornerstonefirm.com
8350 North St. Clair Avenue, Suite 225
Kansas City, Missouri 64151
Telephone          (816) 581-4040
Facsimile          (816) 741-8889
ATTORNEY FOR PLAINTIFF

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

/ 17 2010 13:55   From:0167410000

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA ☒ EEOC | 563-2019-01996 |

Missouri Commission on Human Rights and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Richella Briden | | |

Street Address — City, State and ZIP Code

8350 N. St. Clair Ave., Ste. 225, KC, MO 64151

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Triumph Foods, LLC | 500+ | 816-396-2700 |

Street Address — City, State and ZIP Code

5302 Stockyards Expressway, St. Joseph, MO 64504

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest
Oct. 1, 2018   present

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

please see attached.

2019 MAY 17 PM 3: 31

RECEIVED EEOC
KANSAS CITY AREA OFFICE

| | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 5-17-19 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| Date   Charging Party Signature | (month, day, year) |

**PLAINTIFF'S EXHIBIT**

1

tabbies

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

## Attachment to EEOC Form 5 (5/01) for Richella Briden

I, Richella Briden, bring this Charge of discrimination against the Respondent Triumph Foods, LLC ("Triumph"). Respondent Triumph is an employer within the meaning of the Americans with Disabilities Act, as Amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA"), and the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010 *et seq.* ("MHRA").

I am a member of a protected class pursuant to the ADAAA and the MHRA and the anti-retaliation provisions thereof because I have physical and/or mental impairments that substantially limit one or more on my major life activities, a record of such impairments, and/or Respondent regarded me as having such impairments. Specifically, I suffer from conversion disorder, a functional neurologic disorder that is characterized by severe anxiety and extreme physical manifestations thereof, and I requested reasonable accommodation related to that disability. At all relevant times, I was able to perform the essential functions of my job with or without reasonable accommodation. The specific facts that give rise to my charge of disability discrimination are as follows:

I began working for Triumph Foods as a Food Safety and Quality Assurance technician ("FSQA") in approximately October 2017. On August 28, 2018, I experienced stroke-like symptoms while at work. I was held in the medical department at Triumph until my husband could drive me to the hospital. My stroke-like symptoms were caused by my conversion disorder. Following this episode, my doctor took me off work for 10 days, and then certified me for intermittent leave under the FMLA. The doctor also put me on work restrictions of a maximum of five hours per day for five days per week. Despite my doctor saying I could work for 5 hours per day and despite my express desire to work as many hours as my doctor would recommend, Triumph unilaterally decided that it was unsafe for me to work more than two hours per day. I

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

worked under these restrictions for approximately two weeks, until early September 2018, when I experienced a flare-up of my conversion disorder. At that time, my doctor redid my restrictions simply to correspond to the limited schedule Triumph was forcing me to work, and also said that I would be released to full duty on December 18, 2018, and I did return to full duty at that time. My certification for intermittent leave also remained in place.

Around October 23, 2018, I received a text message from Nicole Dryer, a supervisor at Triumph Foods; it is clear from the context that she had intended to send to another department head, but mistakenly sent it to me. The text message contained statements to the effect that Triumph needed to find a loophole in FMLA because she was tired of me taking leave. I reported this text message and its contents to Human Resources, but no action was taken. I requested to be placed on another shift ("B shift") because my interactions with Dryer exacerbated my conversion disorder; however, this accommodation was denied and, again, no action was taken. Mark Bisenix, a director of Quality Assurance at Triumph Foods, informed me that the shift was full, but it is my understanding that there were two positions open on B shift at the time I requested to be transferred.

On or around January 9, 2019, I had another flare-up of my disability. At that time, I was held off work by my doctor until February 12, 2019. I tried to use one of my intermittent leave days on my first day back due to feelings of anxiety, but my supervisor informed me that I was out of FMLA leave and if I did not come to work (a contention I believe to be inaccurate), I would be fired. This further exacerbated my feelings of anxiety, rendering me unable to come to work. Relying upon the statements made by my supervisor, I understood my employment to be terminated at that time. On March 6, 2019, I received an email informing me that I was fired for violation of the attendance policy.

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

In sum, I am disabled pursuant to the ADAAA and MHRA. By terminating my employment, Respondent Triumph discriminated and retaliated against me because of my disability, my taking limited leave related to my disability, and my requests for reasonable accommodation. Respondent also interfered with my ability to use FMLA leave and retaliated against me for attempting to exercise/exercising my FMLA rights by forcing me to accrue used FMLA leave at a rate faster than I would have if I had been allowed to work the amount of time recommended by my doctor after my stroke-like symptoms on the job. While I recognize the EEOC does not exercise jurisdiction over FMLA claims, I raise the issues of FMLA interference and retaliation because the prohibitions against FMLA interference and retaliation and prohibitions against disability discrimination are so closely related. As a result of Respondent's actions, I am seeking back-pay, front-pay, emotional distress damages, punitive damages, attorney's fees and any other remedy the Commission deems appropriate.

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

Y-17-2019 13:51 ; From:8167418889

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☑ FEPA | |
| | ☒ EEOC | 563-2019-01999 |

Missouri Commission on Human Rights _and EEOC_
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jimmy Briden | | |

Street Address — City, State and ZIP Code

8350 N. St. Clair Ave., Ste. 225, KC, MO 64151

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Triumph foods, LLC | 500+ | 816-394-2700 |

Street Address — City, State and ZIP Code

5302 Stockyards Expressway, St. Joseph, MO 64504

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☑ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Oct. 1, 2018   Latest: present
☑ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

please see attached.

RECEIVED EEOC
KANSAS CITY AREA OFFICE
2019 MAY 17 PM 3:31

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 5-17-19 _Date_   _Jim Briden_ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**PLAINTIFF'S EXHIBIT**
2
exhibitsticker.com

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

## Attachment to EEOC Form 5 (5/01) for Jimmy Briden

l, Jimmy Briden, bring this Charge of discrimination against the Respondent Triumph Foods, LLC ("Triumph"). Respondent Triumph is an employer within the meaning of the Americans with Disabilities Act, as Amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA"), and the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010 *et seq.* ("MHRA").

I am a member of a protected class pursuant to the ADAAA and the MHRA and the anti-retaliation provisions thereof because I have a close relationship to a person with a physical and/or mental impairments that substantially limit one or more on her major life activities, a record of such impairments, and/or Respondent regarded her as having such impairments. Specifically, my wife, Richella, also a former employee of Triumph, suffers from conversion disorder, a functional neurologic disorder that is characterized by severe anxiety and extreme physical manifestations thereof. My relationship to Richella and her disability were both well known to Triumph. At all relevant times, I was able to perform the essential functions of my job with or without reasonable accommodation. The specific facts that give rise to my charge of associational disability discrimination are as follows:

I began working for Triumph Foods as a mechanic in approximately June 2014, and by approximately mid-2016, had worked my way up to maintenance supervisor, a position I held until the end of my employment with Triumph. On August 28, 2018, Richella experienced stroke-like symptoms while at work. She was held in the medical department at Triumph until I could drive her to the hospital. Richella's stroke-like symptoms were caused by her conversion disorder. Over the next approximately five-and-a-half (5.5) months following this episode, Triumph made Richella's job extremely difficult. Briefly, when her doctor placed her on reduced hours, Triumph unnecessarily forced her to work fewer hours than those approved by her doctor. This resulted in

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

Richella burning her FMLA time faster than she needed to. Thus, on or around February 12, 2019, when Richella attempted to utilize a day of intermittent FMLA time for which she'd been approved to deal with symptoms related to her known disability, a supervisor told her that her employment would be terminated if she did because she had used all of the FMLA to which she was entitled. This exacerbated Richella's disability, rendering her further incapable of coming to work, as Richella presumed that meant her employment was terminated. Further, in October 2018, Richella received a text message her supervisor had accidentally sent to her instead of to another supervisor, indicating that the supervisor wanted to find a loophole in FMLA so that Richella's employment could be terminated. After Richella was inaccurately informed in February that her FMLA leave had been exhausted, I felt that no reasonable person in my position could continue employment with an employer that was treating their spouse in this manner, and I resigned my employment.

In sum, my wife is disabled pursuant to the ADAAA and MHRA, and Triumph knew this to be the case. By constructively terminating my employment, Respondent Triumph discriminated and retaliated against me because of my close relationship with a person with a disability. As a result of Respondent's actions, I am seeking back-pay, front-pay, emotional distress damages, punitive damages, attorney's fees and any other remedy the Commission deems appropriate.



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANN S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

November 14, 2019

Richella Briden
c/o Ryan M. Paulus
8350 N. St. Clair Ave., Ste. 225
Kansas City, MO 64151
*via email*

RE:  Briden vs. Triumph Foods, LLC
     FE-5/19-30493    563-2019-01996

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

PLAINTIFF'S EXHIBIT 3

☐  ☐  ☒  ☐

| 3315 WEST TRUMAN BLVD., SUITE 212 | 111 N. 7TH STREET, SUITE 903 | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | KANSAS CITY, MO 64102-1047 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

FE-5/19-30493
Administrative User/Records

RE:  Briden vs. Triumph Foods, LLC
FE-5/19-30493    563-2019-01996

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Triumph Foods, LLC
5302 Stockyards Expressway
St. Joseph, MO  64506

3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102-1047
FAX: 816-889-3582

106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

MICHAEL L. PARSON
GOVERNOR

ANN S. HUI
DEPARTMENT DIRECTOR

MARTHA STAGGS
COMMISSION CHAIR

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

FE-5/19-30494
Administrative Use/Records

November 14, 2019

Jimmy Briden
c/o Ryan M. Paulus
8350 N. St. Clair Ave., Ste. 225
Kansas City, MO 64151
*via email*

RE: Briden vs. Triumph Foods, LLC
FE-5/19-30494    563-2019-01999

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

PLAINTIFF'S
EXHIBIT
tabbies
4

☐  ☐  ☒  ☐

3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102-1047
FAX: 816-889-3582

106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:  1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

RE:   Briden vs. Triumph Foods, LLC
FE-5/19-30494    563-2019-01999

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Triumph Foods, LLC
5302 Stockyards Expressway
St. Joseph, MO  64506

3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO  65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102-1047
FAX: 816-889-3582

106 ARTHUR STREET, SUITE D
SKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**

| | | |
|---|---|---|
| **JIMMY BRIDEN** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: _____ |
| v. | ) | |
| | ) | Division: _____ |
| **TRIUMPH FOODS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COME NOW Plaintiffs, by and through their attorney of record, and for their Motion for

Approval/Appointment of Private Process Server, and requests that D&B Legal Services, Inc.:

Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | John Frago PPS20-0039 | Daniel Maglothin PPS20-0069 |
| Caleb Battreal PPS20-0010 | Kenneth Frechette II PPS20-0040 | Chad Maier PPS20-0070 |
| Bernard Beletsky PPS20-0011 | Andrew Garza PPS20-0041 | Kenneth Marshall PPS20-0071 |
| Carrington Bell PPS20-0012 | Bradley Gordon PPS20-0042 | Deborah Martin PPS20-0072 |
| Thomas Bogue PPS20-0013 | Thomas Gorgen PPS20-0043 | Michael Martin PPS20-0073 |
| Brent Bohnhoff PPS20-0014 | Tom Gorgone PPS20-0044 | Todd Martinson PPS20-0074 |
| Arthur Boyer PPS20-0015 | Richard Gray PPS20-0045 | Timothy McGarity PPS20-0075 |
| Scott Brady PPS20-0016 | Charles Gunning PPS20-0046 | Casey McKee PPS20-0076 |
| Gary Brakemeyer PPS20-0017 | James Hannah PPS20-0047 | Michael Meador PPS20-0077 |
| Jeff Brown PPS20-0018 | Rufus harmon PPS20-0048 | Kenny Medlin PPS20-0078 |
| Hester Bryant PPS20-0019 | James Harvey PPS20-0049 | Maria Meier PPS20-0079 |
| Nicholas Bull PPS20-0020 | Natalie Hawks PPS20-0050 | Thomas Melte PPS20-0080 |
| Randy Burrow PPS20-0021 | Douglas Hays PPS20-0051 | Matthew Millhollin PPS20-0081 |
| Gory Burt PPS20-0022 | Stephen Heitz PPS20-0052 | James Mitchell PPS20-0082 |
| Kyle Carter PPS20-0023 | Wendy Hilgenberg PPS20-0053 | Alexious Moehring PPS20-0083 |
| Michael Conklin PPS20-0024 | James Hise PPS20-0054 | Jonathan Moehring PPS20-0084 |
| Lisa Corbett PPS20-0025 | Gerald Hissam PPS20-0055 | Jason Moody PPS20-0085 |
| Dennis Dahlberg PPS20-0026 | William Hockersmith PPS20-0056 | Ronald Moore PPS20-0086 |
| Mary Dahlberg PPS20-0027 | Alex Holland PPS20-0057 | Andrew Myers PPS20-0087 |
| Bert Daniels JR PPS20-0028 | Mary Hurley PPS20-0058 | Frederick Myers PPS20-0088 |
| Richard Davis PPS20-0029 | Betty Johnson PPS20-0059 | James Myers PPS20-0089 |
| David Dice PPS20-0030 | Edward Johnson PPS20-0060 | Stephanie Myers PPS20-0090 |
| Maureen Dice PPS20-0031 | James Johnson PPS20-0061 | Christopher New PPS20-0091 |
| Norman Diggs PPS20-0032 | Etoya Jones PPS20-0062 | Jeremy Nicholas PPS20-0092 |
| Edwina Ditmore PPS20-0033 | Patrick Jones PPS20-0063 | Michael Noble PPS20-0093 |
| Marrissa Doan PPS20-0034 | Derec Kelley PPS20-0064 | Greg Noll PPS20-0094 |
| Shawn Edwards PPS20-0035 | Brent Kirkhart PPS20-0065 | Robert O'Sullivan PPS20-0095 |
| Tonya Elkins PPS20-0036 | Janice Kirkhart PPS20-0066 | Mike Perry PPS20-0096 |
| William Ferrell PPS20-0037 | Tyler Kirkhart PPS20-0067 | Bob Peters PPS20-0097 |
| James Frago PPS20-0038 | Damon Lester PPS20-0068 | Devin Pettenger PPS20-0098 |

Electronically Filed - Buchanan - January 28, 2020 - 03:25 PM

Carrie Pfeifer PPS20-0099
Craig Poese PPS20-0159
Bill Powell PPS20-0100
Dee Powell PPS20-0101
Samantha Powell PPS20-0102
Kim Presler PPS20-0103
Marcus Presler PPS20-0104
Mark Rauss PPS20-0105
Terri Richards PPS20-0106
Jorge Rivera PPS20-0107
Sammie Robinson PPS20-0108
Richard Roth PPS20-0109
Edna Russell PPS20-0110
Brenda Schiwitz PPS20-0111

Michael Siegel PPS20-214
Joe Sherrod PPS20-0112
Andrew Sitzes PPS20-0113
Laura Skinner PPS20-0114
Thomas Skinner PPS20-0115
Richard Skyles PPS20-0215
Chris Stanton PPS20-0216
William Steck PPS20-0116
Randy Stone PPS20-0117
Sonja Stone PPS20-0118
David Taliaferro PPS20-0119
Michael Taylor PPS20-0120
Robert Torrey PPS20-0121
Lucas Traugott PPS20-0122

Steve Trueblood PPS20-0123
Jonathan Trumpower PPS20-0124
Ryan Weekley PPS20-0125
Misty Wege PPS20-0126
Andrew Wheeler PPS20-0127
Andrew Wickliffe PPS20-0128
Norman Wiley PPS20-0129
Gregory Willing PPS20-0130
Conni Wilson PPS20-0131
Jerry Wilson PPS20-0132
Debra Woodhouse PPS20-0133
Stan Yoder PPS20-0134
Greg Zotta PPS20-0135

who are qualified persons to serve process, are not parties to the case and are not less than eighteen

(18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:  /s/ Joshua P. Wunderlich
Joshua P. Wunderlich          MO BAR 64254
j.wunderlich@cornerstonefirm.com
8350 N. St. Clair Ave., Ste. 225
Kansas City, Missouri 64151
Telephone          (816) 581-4040
Facsimile          (816) 741-8889
ATTORNEY FOR PLAINTIFFS

## **ORDER**

It is hereby ordered that the Plaintiffs' Motion for Approval and Appointment of private process

server is granted, and the above-named individuals are hereby approved and appointed to serve

process in the above-captioned matter.

Date: _____          _____

Judge or Clerk

CASE # 20B11-CV003042

Plaintiff (Petitioner)

Briden et al

vs

Defendant (Respondent)

Triumph Foods LLC

# Div. 1

# 20BU-CV00342

## IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI

|  |  |  |
|---|---|---|
| **JIMMY BRIDEN** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 20BU-CV00342 |
| v. | ) | |
| | ) | Division: 1 |
| **TRIUMPH FOODS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COME NOW Plaintiffs, by and through their attorney of record, and for their Motion for

Approval/Appointment of Private Process Server, and requests that D&B Legal Services, Inc.:

Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | John Frago PPS20-0039 | Daniel Maglothin PPS20-0069 |
| Caleb Battreal PPS20-0010 | Kenneth Frechette II PPS20-0040 | Chad Maier PPS20-0070 |
| Bernard Beletsky PPS20-0011 | Andrew Garza PPS20-0041 | Kenneth Marshall PPS20-0071 |
| Carrington Bell PPS20-0012 | Bradley Gordon PPS20-0042 | Deborah Martin PPS20-0072 |
| Thomas Bogue PPS20-0013 | Thomas Gorgen PPS20-0043 | Michael Martin PPS20-0073 |
| Brent Bohnhoff PPS20-0014 | Tom Gorgone PPS20-0044 | Todd Martinson PPS20-0074 |
| Arthur Boyer PPS20-0015 | Richard Gray PPS20-0045 | Timothy McGarity PPS20-0075 |
| Scott Brady PPS20-0016 | Charles Gunning PPS20-0046 | Casey McKee PPS20-0076 |
| Gary Brakemeyer PPS20-0017 | James Hannah PPS20-0047 | Michael Meador PPS20-0077 |
| Jeff Brown PPS20-0018 | Rufus harmon PPS20-0048 | Kenny Medlin PPS20-0078 |
| Hester Bryant PPS20-0019 | James Harvey PPS20-0049 | Maria Meier PPS20-0079 |
| Nicholas Bull PPS20-0020 | Natalie Hawks PPS20-0050 | Thomas Melte PPS20-0080 |
| Randy Burrow PPS20-0021 | Douglas Hays PPS20-0051 | Matthew Millhollin PPS20-0081 |
| Gory Burt PPS20-0022 | Stephen Heitz PPS20-0052 | James Mitchell PPS20-0082 |
| Kyle Carter PPS20-0023 | Wendy Hilgenberg PPS20-0053 | Alexious Moehring PPS20-0083 |
| Michael Conklin PPS20-0024 | James Hise PPS20-0054 | Jonathan Moehring PPS20-0084 |
| Lisa Corbett PPS20-0025 | Gerald Hissam PPS20-0055 | Jason Moody PPS20-0085 |
| Dennis Dahlberg PPS20-0026 | William Hockersmith PPS20-0056 | Ronald Moore PPS20-0086 |
| Mary Dahlberg PPS20-0027 | Alex Holland PPS20-0057 | Andrew Myers PPS20-0087 |
| Bert Daniels JR PPS20-0028 | Mary Hurley PPS20-0058 | Frederick Myers PPS20-0088 |
| Richard Davis PPS20-0029 | Betty Johnson PPS20-0059 | James Myers PPS20-0089 |
| David Dice PPS20-0030 | Edward Johnson PPS20-0060 | Stephanie Myers PPS20-0090 |
| Maureen Dice PPS20-0031 | James Johnson PPS20-0061 | Christopher New PPS20-0091 |
| Norman Diggs PPS20-0032 | Etoya Jones PPS20-0062 | Jeremy Nicholas PPS20-0092 |
| Edwina Ditmore PPS20-0033 | Patrick Jones PPS20-0063 | Michael Noble PPS20-0093 |
| Marrissa Doan PPS20-0034 | Derec Kelley PPS20-0064 | Greg Noll PPS20-0094 |
| Shawn Edwards PPS20-0035 | Brent Kirkhart PPS20-0065 | Robert O'Sullivan PPS20-0095 |
| Tonya Elkins PPS20-0036 | Janice Kirkhart PPS20-0066 | Mike Perry PPS20-0096 |
| William Ferrell PPS20-0037 | Tyler Kirkhart PPS20-0067 | Bob Peters PPS20-0097 |
| James Frago PPS20-0038 | Damon Lester PPS20-0068 | Devin Pettenger PPS20-0098 |

| | | |
|---|---|---|
| Carrie Pfeifer PPS20-0099 | Michael Siegel PPS20-214 | Steve Trueblood PPS20-0123 |
| Craig Poese PPS20-0159 | Joe Sherrod PPS20-0112 | Jonathan Trumpower PPS20-0124 |
| Bill Powell PPS20-0100 | Andrew Sitzes PPS20-0113 | Ryan Weekley PPS20-0125 |
| Dee Powell PPS20-0101 | Laura Skinner PPS20-0114 | Misty Wege PPS20-0126 |
| Samantha Powell PPS20-0102 | Thomas Skinner PPS20-0115 | Andrew Wheeler PPS20-0127 |
| Kim Presler PPS20-0103 | Richard Skyles PPS20-0215 | Andrew Wickliffe PPS20-0128 |
| Marcus Presler PPS20-0104 | Chris Stanton PPS20-0216 | Norman Wiley PPS20-0129 |
| Mark Rauss PPS20-0105 | William Steck PPS20-0116 | Gregory Willing PPS20-0130 |
| Terri Richards PPS20-0106 | Randy Stone PPS20-0117 | Conni Wilson PPS20-0131 |
| Jorge Rivera PPS20-0107 | Sonja Stone PPS20-0118 | Jerry Wilson PPS20-0132 |
| Sammie Robinson PPS20-0108 | David Taliaferro PPS20-0119 | Debra Woodhouse PPS20-0133 |
| Richard Roth PPS20-0109 | Michael Taylor PPS20-0120 | Stan Yoder PPS20-0134 |
| Edna Russell PPS20-0110 | Robert Torrey PPS20-0121 | Greg Zotta PPS20-0135 |
| Brenda Schiwitz PPS20-0111 | Lucas Traugott PPS20-0122 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Joshua P. Wunderlich
Joshua P. Wunderlich          MO BAR 64254
j.wunderlich@cornerstonefirm.com
8350 N. St. Clair Ave., Ste. 225
Kansas City, Missouri 64151
Telephone          (816) 581-4040
Facsimile          (816) 741-8889
ATTORNEY FOR PLAINTIFFS

**ORDER**

It is hereby ordered that the Plaintiffs' Motion for Approval and Appointment of private process server is granted, and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date:  __*Wednesday, January 29, 2020*__          _____*/s/K. DOBOSZ, Deputy Clerk*_____
                                                                                    ~~Judge~~ or Clerk



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KATE H SCHAEFER | Case Number: 20BU-CV00342 |
| Plaintiff/Petitioner:<br>JIMMY BRIDEN ET AL | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA PAUL WUNDERLICH<br>8640 N. GREEN HILLS ROAD<br>SUITE 42<br>KANSAS CITY, MO 64154 |
| vs. | |
| Defendant/Respondent:<br> TRIUMPH FOODS, LLC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501<br>**STATUS REVIEW HEARING DATE: 4-27-20<br>@ 9:00 AM, DIV 1** |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: TRIUMPH FOODS, LLC
**Alias:**

REG, AGENT: KEVIN L WEDEKING
5302 STOCKYARDS EXPRESSWAY
ST. JOSEPH, MO 64504

*COURT SEAL OF*

**BUCHANAN COUNTY**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_Wednesday, January 29, 2020_ _____ _/s/K. DOBOSZ, Deputy Clerk_
           Date                                                Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____ , a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. JOSEPH), MO, on _____ (date) at _____ (time).

_____       _____
    Printed Name of Sheriff or Server                            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

                 Subscribed and sworn to before me on _____ (date).

*(Seal)*

                 My commission expires: _____    _____
                                                  Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Buchanan - February 07, 2020 - 11:11 AM



## IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KATE H SCHAEFER | Case Number: 20BU-CV00342 |
| Plaintiff/Petitioner:<br>JIMMY BRIDEN ET AL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA PAUL WUNDERLICH<br>8640 N. GREEN HILLS ROAD<br>SUITE 42<br>KANSAS CITY, MO 64154 |
| Defendant/Respondent:<br>TRIUMPH FOODS, LLC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | SAINT JOSEPH, MO 64501<br>STATUS REVIEW HEARING DATE: 4-27-20<br>@ 9:00 AM, DIV 1 |

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to:  TRIUMPH FOODS, LLC
Alias:
REG, AGENT: KEVIN L WEDEKING
5302 STOCKYARDS EXPRESSWAY
ST. JOSEPH, MO 64504

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

BUCHANAN COUNTY

__Wednesday, January 29, 2020__          _____/s/K. DOBOSZ, Deputy Clerk_____
Date                                                       Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____
_____

Served at _____ (address)
in _____ (County/City of St. JOSEPH), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server
Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____        _____
Date                                      Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Buchanan - February 07, 2020 - 11:11 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**          **County of Buchanan**          **Circuit Court**

Case Number: 20BU-CV00342

Plaintiff:
**JIMMY BRADEN ET AL**
vs.
Defendant:
**TRIUMPH FOODS, LLC**

POW2020001053

For: CORNERSTONE LAW FIRM

Received by D & B Legal Services, Inc. on the 29th day of January, 2020 at 2:47 pm to be served on **TRIUMPH FOODS LLC**, **REG AGENT: KEVIN L WEDEKING, 5302 STOCKYARDS EXPRESSWAY, ST JOSEPH, MO 64504.** I, _____, being duly sworn, depose and say that on the ___ day of _____, 2020 at ___ p.m., executed service by delivering a true copy of the **Summons in Civil Case, Petition For Damages, Plaintiff's Exhibits 1-4** in accordance with state statutes in the manner marked below:

(X) CORPORATE SERVICE: By serving _Kevin Wedeking_ as _Reg. Agt._

( ) CORPORATE SERVICE AT ALTERNATE ADDRESS: By serving _____ as _____ at the alternate address of _____.

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( )NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

_____

_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

KATHY L. WOOD
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COMMISSIONED FOR BUCHANAN COUNTY
MY COMMISSION EXPIRES OCT 27 2022
ID #14448012

Subscribed and Sworn to before me on the ___ day of _____, 2020 by the affiant who is personally known to me.

_NOTARY PUBLIC_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: 2020001053

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c