# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JIMMY BRIDEN AND RICHELLA BRIDEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 5:20-cv-06028-GAF |
| TRIUMPH FOODS, LLC, | ) ) ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant Triumph Foods, LLC ("Defendant" or "Triumph") hereby answers the "Petition for Damages" (hereafter "Complaint") of Jimmy Briden and Richella Briden and states as follows:

### Parties and Jurisdiction

1. Triumph admits only that the Plaintiffs asserts claims under the Missouri Human Rights Act ("MHRA") and the Family and Medical Leave Act ("FMLA").

2. Triumph admits, upon information and belief, that it understands Plaintiffs to both be residents of Harrisonville, Missouri.

3. Triumph admits paragraph 3.

4. Triumph is without information or knowledge as to the meaning of Plaintiffs' allegations in paragraph 4 and, therefore, denies paragraph 4.

5. Triumph admits paragraph 5.

6. Triumph admits paragraph 6.

7. Triumph admits paragraph 7.

8. Triumph states that paragraph 8 asserts a legal conclusion to which no response is required.

9. Triumph states that paragraph 9 asserts a legal conclusion to which no response is required.

10. Triumph states that paragraph 10 asserts a legal conclusion to which no response is required.

11. Triumph states only that it removed the case to the United States District Court for the Western District of Missouri based on Plaintiffs' assertions of claims under federal statutes. Triumph denies that jurisdiction is proper in Buchanan County Circuit Court.

12. Triumph denies paragraph 12.

**Administrative Procedures**

13. Triumph admits only that Richella Briden filed a charge of discrimination on May 17, 2019, that the charge is attached as Exhibit 1, and that the charge speaks for itself. Triumph denies each remaining allegation of paragraph 13.

14. Triumph admits only that Jimmy Briden filed a charge of discrimination on May 17, 2019, that the charge is attached as Exhibit 2, and that the charge speaks for itself. Triumph denies each remaining allegation of paragraph 14.

15. Triumph admits only that the date of the right to sue letters attached as Exhibits 3 and 4 is November 14, 2019.

16. Triumph denies paragraph 16.

17. Triumph admits paragraph 17.

18. Triumph denies paragraph 18.

19. Triumph denies paragraph 19.

**Additional Factual Allegations**

20. As its answer to paragraph 20, Triumph incorporates its answers to paragraphs 1 to 19.

21. Triumph admits paragraph 21.

22. Triumph admits only that Plaintiff Jimmy Briden held the identified positions during his employment at Triumph.

23. Triumph admits paragraph 23.

24. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 24 because Plaintiffs do not identify to whom in management they refer with regard to the allegation of their marriage status being "generally known." Accordingly, Triumph denies paragraph 24.

25. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25 and, therefore, Triumph denies paragraph 25.

26. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 26 and, therefore, Triumph denies paragraph 26.

27. Triumph admits only that a person from its health services department examined Plaintiff Richella Briden on August 28, 2018. Triumph denies each other allegation of paragraph 27.

28. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 28 and, therefore, Triumph denies paragraph 28.

29. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29 and, therefore, Triumph denies paragraph 29.

30. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 30 and, therefore, Triumph denies paragraph 30.

31. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 31 and, therefore, Triumph denies paragraph 31.

32. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 31 and, therefore, Triumph denies paragraph 32.

33. Triumph admits only that Plaintiff's records as to hours of work speak for themselves and that paragraph 33 is vague as to time period. Triumph denies the remaining allegations of paragraph 33.

34. Triumph admits only that Plaintiff Richella Briden returned to work in September 2018 with restrictions. Triumph denies the remaining allegations of paragraph 34.

35. Triumph states that paragraph 35 is vague, does not identify to whom as Triumph she so indicated or the date. Accordingly, Triumph denies paragraph 35.

36. Triumph denies paragraph 36.

37. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 37 and, therefore, Triumph denies paragraph 37.

38. Triumph admits only that Plaintiff Richella Briden presented restrictions which limited her ability to work and that restrictions speak for themselves. Triumph is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 and, therefore, Triumph denies paragraph 38.

39. Triumph admits only that the restrictions presented speak for themselves. Triumph denies the remaining allegations of paragraph 39.

40. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 40 because paragraph 40 is vague in that does not clarify to whom it was alleged "indicated." Therefore, Triumph denies paragraph 40.

41. Triumph admits only that Plaintiff Richella Briden returned to full duty in December 2018. Triumph denies the remaining allegations of paragraph 41.

42. Triumph admits only that Plaintiff Richella Briden engaged in a text message exchange with her supervisor on or about October 23, 2018 and that the messages speak for themselves. Triumph denies the remaining allegations of paragraph 42.

43. Triumph admits only that Plaintiff Richella Briden engaged in a text message exchange with her supervisor on or about October 23, 2018 and that the messages speak for themselves. Triumph denies the remaining allegations of paragraph 43.

44. Triumph admits paragraph 44.

45. Triumph states that paragraph 45 is vague as it does not identify the type of discipline or the specific message to which it refers. Accordingly, Triumph denies paragraph 45.

46. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 46 because it does not identify a date, the person with whom she communicated, or the shift. Accordingly, Triumph denies paragraph 46.

47. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 47 because it does not identify the positons, the shift or the date on which such positions were allegedly open. Accordingly, Triumph denies paragraph 46.

48. Triumph incorporates its answers to paragraphs 46 and 47 and denies paragraph 48.

49. Triumph denies paragraph 49.

50. Triumph admits only that Plaintiff Richella Briden last worked at Triumph Foods on January 9, 2019. Triumph denies the remaining allegations of paragraph 50.

51. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 51 and, therefore, Triumph denies paragraph 51.

52. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 52 and, therefore, Triumph denies paragraph 52.

53. Triumph admits only that Triumph engaged in e-mail exchanges with Plaintiff and that the exchanges speak for themselves. Triumph denies the remaining allegations of paragraph 53.

54. Triumph admits that Jimmy Briden was absent from work. Triumph denies the remaining allegations of paragraph 54.

55. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 55 because the paragraph alleges "ultimately" without identification of any date. Accordingly, Plaintiff denies paragraph 55.

56. Triumph states the paragraph 56 attempts to summarize an e-mail exchange which speaks for itself. Triumph denies all remaining allegations of paragraph 56.

57. Triumph admits only that a representative of its leave department sent an e-mail to Plaintiff Richella Briden on or about February 12, 2019 and that the e-mail speaks for itself. Triumph denies all remaining allegations of paragraph 57.

58. Triumph denies paragraph 58.

59. Triumph denies paragraph 59.

60. Triumph states that paragraph 60 does not adequately identify the e-mail exchange to which it refers. Triumph states only that it repeatedly advised Plaintiff Richella Briden that it wished to meet with her. Triumph denies the remaining allegations of paragraph 60.

61. Triumph states that paragraph 61 does not adequately identify the e-mail exchange to which it refers. Triumph admits only that the e-mail exchanges between Richella Briden and Triumph speak for themselves. Triumph denies the remaining allegations of paragraph 61.

62. Triumph states that paragraph 62 does not adequately identify the e-mail exchange to which it refers. Triumph admits only that the e-mail exchanges between Richella Briden and Triumph speak for themselves. Triumph denies the remaining allegations of paragraph 62.

63. Triumph denies paragraph 63.

64. Triumph admits only that Plaintiffs moved to Harrisonville Missouri prior to the conclusion of their employment. Triumph denies the remaining allegations of paragraph 64.

## **COUNT I**

65. As its answer to paragraph 65, Triumph incorporates its answers to paragraphs 1 to 64.

66. Triumph denies paragraph 66.

67. Triumph denies paragraph 67.

68. Triumph denies paragraph 68.

69. Triumph denies paragraph 69.

70. Triumph denies paragraph 70.

71. Triumph denies paragraph 71.

72. Triumph denies paragraph 72.

73. Triumph denies paragraph 73.

74. Triumph denies paragraph 74.

75. Triumph denies paragraph 75.

76. Triumph denies paragraph 76.

77. Triumph denies paragraph 77.

78. Triumph denies paragraph 78.

79. Triumph denies paragraph 79.

80. Triumph denies paragraph 80.

81. Triumph denies paragraph 81.

82. Triumph denies paragraph 82.

83. Triumph denies paragraph 83 and denies that Plaintiff is entitled to any of the relief she seeks in this lawsuit.

## **COUNT II**

84. As its answer to paragraph 84, Triumph incorporates its answers to paragraphs 1 to 83.

85. Triumph denies paragraph 85.

86. Triumph denies paragraph 86.

87. Triumph denies paragraph 87.

88. Triumph denies paragraph 88.

89. Triumph denies paragraph 89.

90. Triumph denies paragraph 90.

91. Triumph denies the assumptions included in paragraph 91 and denies paragraph 91.

92. Triumph denies the assumptions included in paragraph 92 and denies paragraph 92.

93. Triumph denies the assumptions included in paragraph 93 and denies paragraph 93.

94. Triumph denies paragraph 94.

95. Triumph denies paragraph 95.

96. Triumph denies paragraph 96.

97. Triumph denies paragraph 97.

98. Triumph denies paragraph 98.

99. Triumph denies paragraph 99.

100. Triumph denies paragraph 100.

101. Triumph denies paragraph 101.

102. Triumph denies paragraph 102.

103. Triumph denies paragraph 103 and denies that Plaintiff is entitled to any of the relief she seeks.

## COUNT III

104. As its answer to paragraph 104, Triumph incorporates its answers to paragraphs 1 to 103.

105. Triumph denies paragraph 105.

106. Triumph denies paragraph 106.

107. Triumph denies paragraph 107.

108. Triumph denies the assumptions contained in paragraph 108 and denies paragraph 108.

109. Triumph denies the assumptions contained in paragraph 109 and denies paragraph 109.

110. Triumph denies the assumptions contained in paragraph 110 and denies paragraph 110.

111. Triumph denies the assumptions contained in paragraph 111 and denies paragraph 111.

112. Triumph denies paragraph 112.

113. Triumph denies paragraph 113.

114. Triumph denies paragraph 114.

115. Triumph denies paragraph 115.

116. Triumph denies paragraph 116.

117. Triumph denies paragraph 117.

118. Triumph denies paragraph 118.

119. Triumph denies paragraph 119.

120. Triumph denies paragraph 120.

121. Triumph denies paragraph 121.

122. Triumph denies paragraph 122 and denies that Plaintiff is entitled to any of the relief she seeks.

## COUNT IV

123. As its answer to paragraph 23, Triumph incorporates its answers to paragraphs 1 to 123.

124. Triumph states only that paragraph 124 contains a legal conclusion to which no response is required.

125. Triumph is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 125 and, therefore, Triumph denies paragraph 125.

126. Triumph denies paragraph 126.

127. Triumph denies paragraph 127.

128. Triumph denies paragraph 128.

129. Triumph denies paragraph 129.

130. Triumph denies paragraph 130.

131. Triumph denies paragraph 131.

132. Triumph denies paragraph 132.

133. Triumph denies paragraph 133.

134. Triumph denies paragraph 134.

135. Triumph denies paragraph 135.

136. Triumph denies paragraph 136 and denies that Plaintiff is entitled any of the relief requested.

## COUNT V

137. As its answer to paragraph 137, Triumph incorporates its answers to paragraphs 1 to 136.

138. Triumph admits only that Plaintiff was an employee eligible for FMLA leave at certain periods of her employment and that she was provided FMLA leave. Triumph denies the remaining allegations of paragraph 138.

139. Triumph is without information or knowledges sufficient to form a belief as to the truth of the allegations of paragraph 139 and admits only that Triumph provided Plaintiff Richella Briden leave under the FMLA.

140. Triumph states that paragraph 140 is a legal conclusion to which no response is required. Triumph denies paragraph 140.

141. Triumph states that paragraph 141 is a legal conclusion to which no response is required. Triumph denies paragraph 141.

142. Triumph denies paragraph 142.

143. Triumph denies paragraph 143.

144. Triumph denies paragraph 144.

145. Triumph denies paragraph 145.

146. Triumph denies paragraph 146.

147. Triumph denies paragraph 147.

148. Triumph denies paragraph 148.

149. Triumph denies paragraph 149 and denies that Plaintiff is entitled to any of the relief sought.

## COUNT VI

150. As its answer to paragraph 150, Triumph incorporates its answers to paragraphs 1 to 149.

151. Triumph denies paragraph 151.

152. Triumph denies paragraph 152.

153. Triumph denies paragraph 153.

154. Triumph admits only that the Bridens represent themselves as husband and wife. Triumph denies the remaining allegations of paragraph 154.

155. Triumph states that paragraph 155 states a legal conclusion to which no response is required. Triumph denies paragraph 155.

156. Triumph denies paragraph 156.

157. Triumph denies paragraph 157.

158. Triumph denies paragraph 158.

159. Triumph denies paragraph 159.

160. Triumph denies paragraph 160.

161. Triumph denies paragraph 161.

162. Triumph denies paragraph 162.

163. Triumph denies paragraph 163.

164. Triumph denies paragraph 164.

165. Triumph denies paragraph 165.

166. Triumph denies paragraph 166.

167. Triumph denies paragraph 167.

168. Triumph denies paragraph 168.

169. Triumph denies paragraph 169.

170. Triumph denies paragraph 170.

171. Triumph denies paragraph 171.

172. Triumph denies paragraph 172 and denies that Plaintiff is entitled to any of the relief sought.

## Demand for Trial

Triumph denies that Plaintiffs are entitled to a trial by jury on any of their claims as their claims are without merit, based on misrepresentations, and entitle Triumph to sanctions against Plaintiffs Richella and Jimmy Briden and an award of attorneys fees against Plaintiffs Jimmy and Richella Briden.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant denies each and every allegation, count, claim and prayer of the Petition or Complaint which is not expressly and specifically admitted.

2. Plaintiffs are not entitled to the relief requested as a matter of law or fact.

3. Plaintiffs' claims are not brought in good faith, do not have evidentiary support, and are presented for an improper purpose, entitling Defendant to an award of sanctions and attorneys fees against Plaintiff Jimmy and Plaintiff Richella Briden.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel, judicial estoppel, and unclean hands because Plaintiffs have made inconsistent factual assertions and misrepresentations to different agencies of the state of Missouri and to the Court.

5. The Complaint fails in whole or in part to state a claim upon which relief may be

granted.

6. Plaintiffs' claims are barred because any employment decisions related to Plaintiffs were not based on any protected characteristic or alleged protected activity, but were made for independent, legitimate, non-discriminatory and non-retaliatory business reasons. Plaintiffs unreasonably failed to take advantage of opportunities to continue their employment.

7. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations because certain of Plaintiffs' claims or allegations were not the subject of a timely-filed charge with the Equal Employment Opportunity Commission or Missouri Human Rights Commission and are outside the scope of the charges Plaintiffs filed. Plaintiffs have not complied with the statutory and procedural requirements of the MHRA by exhausting administrative remedies as to the claims they assert in the Complaint. Plaintiffs' claims are further barred, in whole or in part, to the extent that the claims asserted by Plaintiffs exceed the scope of, or are not like or related to, the allegations made in the administrative charges filed by Plaintiffs and because Plaintiffs allege conduct which was not identified in their Charges.

8. Plaintiff's claims for disability discrimination are barred because she is not disabled within the meaning of the ADA (as amended), did not have a record of a disability, and was not perceived as having a disability and/or Plaintiff did not request a reasonable accommodation under the ADA

9. Plaintiff's claims for disability discrimination are barred because Plaintiff is not a qualified individual with a disability within the meaning of the ADA (as amended).

10. Plaintiffs' claims are barred, in whole or part, to the extent that Plaintiffs unreasonably failed to take advantage of the opportunities provided by Defendant to report, prevent, correct, or avoid any alleged discriminatory behavior. For this reason, Defendant did not

know, should not have known, and did not acquiesce in any alleged discriminatory or harassing conduct. To the extent any such conduct was brought to Defendant's attention, Defendant took prompt, appropriate corrective action.

11. To the extent Plaintiffs seek to recover under a theory of discrimination or retaliation, their claims are barred because Defendant relied upon a legitimate, non-discriminatory and non-retaliatory reason in terminating Plaintiffs' employment.

12. To the extent Plaintiffs seek to recover under a theory of interference, retaliation or discrimination, their claims are barred because, at all relevant times, Defendant's policies and procedures encouraged and facilitated the exercise of FMLA rights, the policies were administered in a non-discriminatory and non-retaliatory manner, and Plaintiff failed to comply with Defendant's policies.

13. To the extent Plaintiffs seek to recovery under a theory of interference, retaliation or discrimination, their claims are barred because Defendant would have made the same decision in the absence of any request for, commencement of, or use of FMLA leave, Plaintiff's termination was unrelated to any request for, commencement of or use of FMLA leave, and there was no causal connection or relation of any type between any request for, commencement of or use of FMLA leave and the termination of Plaintiff's employment.

14. Plaintiff's claims are barred because Plaintiff is not entitled to any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken FMLA leave.

15. Plaintiff's claims for damages are barred because of Defendant's good faith efforts to comply with applicable law, its good-faith efforts to prevent discrimination as evidenced by its

policies and other efforts, and because Defendant acted at all times in good faith with respect to Plaintiff.

16. To the extent that Plaintiffs' claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that a protected activity or characteristic was a motivating factor in any employment decision at issue (which Defendant absolutely denies), Defendant is entitled to judgment, in whole or in part, because the same employment decision would have been made irrespective of whether a protected activity or characteristic was considered.

17. Plaintiffs' claims for damages are barred in whole, or in part, because Defendant acted in good faith and had reasonable grounds for believing that any act or omission did not violate the FMLA.

18. Upon information and belief, Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

19. Plaintiffs' claims are barred by the doctrine of waiver, estoppel and unclean hands.

20. Plaintiffs' claims for punitive damages are barred by the United States and Missouri Constitutions because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Triumph's rights to due process of law, to equal protection of law, to the right to be free from the unlawful taking of property, the right to be free of excessive fines, and all other substantive and procedural protection of the Constitution applicable to punitive damages.

21. Triumph reserves the right to assert each and every other affirmative defense which is identified during further proceedings.

Triumph Foods, LLC reserves the right to assert each and every other affirmative defense

which is identified during further proceedings. Having fully answered, Triumph Foods, LLC prays that the Court enter judgment in its favor, for its costs, for its reasonable attorney's fees and for such other relief as the Court deems just and proper.

Respectfully submitted

*/s/ Gregory D. Ballew*
J. Randall Coffey, MO Bar # 35070
Gregory D. Ballew, MO Bar # 47379
**FISHER & PHILLIPS LLP**
4900 Main Street, Suite 650
Kansas City, MO 64112
Phone: 816.842.8770
Facsimile: 816.842.8767
Email: gballew@fisherphillips.com
Email: rcoffey@fisherphillips.com

Attorney for Defendant Triumph Foods, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of March, 2020, the above and foregoing was filed electronically using the Court's electronic filing system, which will automatically provide notification to the following counsel of record:

Joshua P. Wunderlich
CORNERSTONE LAW FIRM
8350 North St. Clair Avenue
Suite 225
Kansas City, MO 64151
Phone: 816.581.4040
Facsimile: 816.741.8889
Email: j.wunderlich@cornerstonefirm.com

Attorney for Plaintiff

              */s/ Gregory D. Ballew*
              Attorney for Defendant